UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 06-70 (RJL) |
| : | |
| DRAPHET D. MOODY, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S CONSOLIDATED MEMORANDUM IN AID OF SENTENCING
AND MOTION FOR DOWNWARD DEPARTURE PURSUANT TO U.S.S.G § 5K1.1**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits the following memorandum in aid of sentencing in the above-captioned case. For the reasons set forth herein, the Government respectfully requests that the Court impose a sentence in accordance with the voluntary U.S. Sentencing Guidelines, the terms of the plea agreement in this case and also grant the Defendant a downward departure, pursuant to U.S.S.G. § 5K1.1, in light of her substantial assistance in the prosecution of United States v. Marcelle Stephens, Criminal No. 06-8402.

I.   **BACKGROUND**

On June 16, 2006, Defendant Moody pleaded guilty, pre-indictment, to a one-count Information, which charged Conspiracy to File False Income Tax Returns, in violation of Title 18, United States Code, Section 371. According to the Statement of Offense agreed to by the Defendant and filed in this case, from approximately January 2001, until April 15, 2002, Defendant Moody was the Triad Office Manager for the Triad Baltimore, Maryland office. During that same period of time, Defendant Moody, Henderson Joseph and Marcelle Stephens and other individuals, unlawfully, knowingly, and willfully conspired and agreed together and with other persons: First, to file fraudulent Federal income tax returns, Forms 1040, with the

Internal Revenue Service, which claimed deductions and credits to which various Triad Clients were not entitled and thereby generated fraudulent income tax returns. Second, to defraud the United States of America, United States Department of the Treasury, Internal Revenue Service, in the approximate amount of $74,882.00, through the filing of fraudulent Federal income tax returns, Forms 1040, which claimed deductions and credits to which various Triad Clients were not entitled, thereby generating fraudulent income tax refunds.

According to the Statement of Offense agreed to by Defendant Moody and filed in this case, the conspiracy operated in the following manner: Defendant Moody and employees working under her supervision, would meet with taxpayers who wanted to have their U.S. Individual Income tax return, Form 1040, prepared at Triad's Baltimore, Maryland or Washington, D.C. office. They would then create or inflate and place on taxpayers' U.S. Individual Income Tax Returns, Form 1040, Schedule A - Schedule of Itemized Deductions, false and fictitious expenses, including charitable contributions, job expenses, and other miscellaneous expenses to which the taxpayers were not in fact entitled. They would also list on the taxpayers' U.S. Individual Income Tax Returns, Form 1040, false education credits to which the taxpayers were not in fact entitled. The fictitious itemized deductions claimed on the clients' income tax returns would cause a Schedule A - Statement of Itemized Deductions to be created by Triad and therefore, resulted in greater fees charged to the clients by Triad. All client income tax returns prepared at the Baltimore and Richmond Offices would be sent to the District of Columbia Office Triad Office where they were reviewed by Henderson Joseph and Marcelle Stephens and electronically transmitted to the Internal Revenue Service via the Internet on the taxpayer's behalf.

Henderson Joseph paid Defendant Moody, a starting salary of approximately $30,000.00 per year. He also paid $7,000.00 of her settlement costs on the purchase of a home and approximately $3,000.00 to some of her creditors.

During 2000 and 2001, Defendant Moody was trained by Henderson Joseph and Marcelle Stephens at the Triad office located at 4813 Georgia Ave., N.W., Washington, D.C. and during telephone conversations. During these training sessions, Joseph and Stephens instructed Defendant Moody to inflate itemized deductions which would lower their clients' ultimate tax liabilities. She was specifically instructed to create and place on the clients U.S. Individual Income Tax Returns, Forms 1040, falsely inflated and wholly fictitious charitable contributions, employee expenses, and education credits.

While Draphet Moody was in training, Joseph and Stephens would review all income tax returns prepared at the Baltimore Office. Following their review, Joseph and Stephens sent via facsimile transmission, copies of the tax returns they had reviewed with additional inflated and wholly fictitious deductions and credits, which they instructed Defendant Moody to incorporate into the income tax returns.

Once trained by Joseph and Stephens, Defendant Moody, in turn, trained her employees in the Triad Baltimore Office to prepare false tax returns by creating and placing on the clients' U.S. Individual Income Tax Returns, Forms 1040, falsely inflated and wholly fictitious charitable contributions, employee expenses, and education credits.

## II.   SENTENCING CALCULATION

### A.   Statutory Maximum

Defendant pleaded guilty to one count of Conspiracy to File False Income Tax Returns, in violation of Title 18, United States Code, Section 371. The maximum sentence for the federal offense is 5 years imprisonment, a fine of $ $250,000.00, a $100 special assessment, a 3-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

### B.   Sentencing Guideline Calculation

The parties have agreed to reduce the loss amount in this case to $74,882.00, as reflected in the plea agreement dated August 28, 2007. This modification results in a downward adjustment of the sentencing calculations per the September 26, 2006 report of U.S. Probation Officer Michael Penders, which used a loss amount of $192,293.00.[1] With that adjustment, the loss falls into the range of more than $30,000.00 and less than $80,000.00 pursuant to U.S.SG. § 2T4.1(E). Defendant receives a 2-level increase for being in the business of preparing income tax returns (See PSR ¶ 18). Pursuant to the plea agreement, the Government agreed not to oppose a 2-level reduction for acceptance of responsibility and an additional 1-level reduction for assisting the authorities by timely notifying authorities of her intent to enter a plea of guilty. (See PRS ¶ 24). The PSR correctly lists Defendant's criminal history as Category I. (See PSR ¶ 26). Defendant Moody's total offense level is 13. (Note unadjusted PSR ¶ 25). Therefore, the guideline range for Defendant is 12 to 18 months, Zone D. (Note unadjusted PSR ¶ 52). The Government also agreed not to oppose a Defense request for voluntary self-surrender for any

---

[1] Government Counsel has informed Probation Officer Penders concerning this modification.

sentence that is imposed.

As a term of the plea agreement, Defendant Moody agreed to cooperate with the Government. The Government agreed that at the time of Defendant Moody's sentencing it would advise the court and the probation office of the full nature, extent, and value of the cooperation provided by Defendant Moody to the United States. In addition, the Government agreed that before sentencing, it would inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent, and value of the cooperation provided by Defendant Moody to the United States. It was further agreed that if the Departure Committee determined that Defendant Moody provided substantial assistance in the investigation or prosecution of another person or entity that had committed any offense, then the U.S. Attorney's Office would file a motion pursuant to § 5K1.1 of the Sentencing Guidelines.

**C.     Full Nature, Extent, and Value of the Cooperation Provided by Defendant Moody**

Following execution of the plea agreement and entry of her guilty plea, Defendant Moody was debriefed by government agents and by the undersigned Assistant U.S. Attorney. She was very forthcoming and volunteered information. Thereafter, Defendant Moody testified before the grand jury. She stood ready and willing to testify at trial. The fact that Defendant Moody pleaded guilty was instrumental in securing a guilty plea from co-conspirator Marcelle Stephens. Based upon her substantial assistance, the government is requesting a 2-level downward adjustment, pursuant to U.S.S.G. § 5K1.1, which would reduce her sentencing calculations to level 11. A level 11, with a criminal history category of I would bring Defendant Moody to the sentencing range of 8 to 14 months, Zone C.

### D. Restitution

As part of the plea agreement, and during the plea proceeding colloquy, Defendant Moody was advised that the maximum sentence in this case could include an order of restitution. The parties agreed, per the plea agreement, that the tax loss here based upon relevant conduct is $74,882.00. Since the offense of conviction is an offense pursuant to Title 18 of the United States Code, an order of restitution is mandatory. See, 18 U.S.C. § 3663A(c)(1)(A)(ii) and 18 U.S.C. § 3664(f)(1)(A). See also, United States v. Kubick, 205 F.3d 117 (9th Cir. 1999) (Unlike prior restitution law under which a court had discretion to consider the defendant's financial condition before setting the amount of restitution to be paid, the MVRA requires courts to impose "full" restitution without considering the defendant's economic circumstances for offenses involving fraud or deceit).

Restitution payments should be made to the Internal Revenue Service**.**

### E. Prior Criminal History

Defendant has a criminal history score of 0 points and a criminal history category of I. (See PSR ¶ 28).

### III. FACTORS TO BE CONSIDERED IN IMPOSING SENTENCE

In accordance with the factors enumerated in 18 U.S.C. § 3553, the Government submits the following information for the court's consideration in determining the appropriate sentence in this case:

### A. The nature and circumstances of the offense.

This case presents an on-going course of criminal conduct in which Defendant Moody participated for approximately 15 months. The case involved repeated instances of fraudulent

activity in preparing fraudulent U.S. Individual U.S. Income Tax Returns. The crime was committed by a pattern of deliberate action whereby individual client's tax returns were manipulated to include false or inflated deductions and/or credits to which the tax payers were not in fact entitled. The crime was motivated by the desire to obtain tax refunds for Triad clients thereby generating larger fees for Triad, ensuring return customers, and generating more clients through referral business. Through this scheme the Internal Revenue Service paid fraudulently claimed refunds.

**B.  The history and characteristics of the defendant.**

The defendant has had the benefit of education. She is a high school and college graduate who obtained a Bachelor of Science in Accounting. (See, PRS ¶ 40). She is currently employed as an accountant. (See, PRS ¶ 44). During a debriefing in connection with the instant case, Defendant Moody indicated that received on-the-job-training at Triad. Given her education, particularly the fact that she has a degree in Accounting, she certainly knew that inflating tax credits and deductions on tax payer federal income tax returns was wrong and was illegal.

**C.  The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

This is a serious offense which resulted in significant and continuing financial losses to the IRS. A sentence in accordance with the advisory U.S. Sentencing Guidelines will send a clear message to other individuals similarly motivated to steal that this kind of conduct could subject them to prosecution and punishment. Conversely, a sentence that is too light could send the message that this kind of criminal behavior is not dealt with seriously. Such a sentence will not promote respect for the laws. A sentence in accordance with that provided by the U.S.

Sentencing Guidelines will provide just punishment for the offense, because it takes into account the loss amount, the harm to the IRS, and the sophisticated nature of the offense.

**D. The need for the sentence imposed to afford adequate deterrence to criminal conduct.**

A guideline sentence will specifically deter Defendant Moody from any future criminal conduct. In addition, other members of the public similarly situated in the tax return preparation business may reconsider committing such criminal behavior when weighing the consequences that can occur, including arrest, prosecution, conviction, and punishment.

**E. The need for the sentence imposed to protect the public from further crimes of the defendant.**

This case does not involve a violent crime. Therefore, the traditional notions of protection of the public are not impacted. The theft here was from a government agency; the IRS. The real harm is that money that would otherwise be available from the public coffers is not. Funds collected by income taxes are used in a wide variety of ways, including to pay for essential government services such as programs for education, health care, transportation, the military, and transportation.

**F. The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

This criteria is not relevant here as defendant has no known medical issues and is an educated individual.

**IV.     CONCLUSION**

The Government respectfully requests that the Court grant Defendant Moody a 2-level downward departure for substantial assistance and sentence her in accordance with the plea agreement in this case and the voluntary U.S. Sentencing Guidelines.

>	Respectfully submitted,
>	JEFFREY A. TAYLOR
>	UNITED STATES ATTORNEY
>
>	_____/s/_____
>	SHERRI L. SCHORNSTEIN.
>	D.C. Bar # 415219
>	Assistant U.S. Attorney
>	Fraud & Public Corruption Section
>	555 4th Street, N.W.
>	Washington, D.C. 20530
>	(202) 514-6956

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Government's Consolidated Memorandum in Aid of Sentencing and Motion for Downward Departure, was served on counsel for Defendant, Robert C. Bonsib, Esq., 6411 Ivy Lane, Suite 116, Greenbelt, MD 20770, this 10TH day of September, 2007, via the U.S. Mail.

/s/
SHERRI L. SCHORNSTEIN
Assistant U.S. Attorney