U.S. Department of Justice

United States Attorneycham

*District of Columbia*

*Judiciary Center*
*555 Fourth St N.W.*
*Washington, D C 20001*

August 28, 2007

**FILED**
**SEP 19 2007**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Robert C. Bonsib, Esq.
6411 Ivy Lane, Suite 116
Greenbelt, MD 20770

Re:     Draphet D. Moody
         CR 06-70

Dear Ms. Bonsib:

This letter sets forth the full and complete plea offer to your client, Ms. Moody. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. To accept this offer, kindly have your client execute the last page and send it via facsimile transmission to my attention at (202) 307-2304. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges:** Ms. Moody agrees to waive Indictment and to plead guilty to a one-count information charging a violation of Title 18, United States Code, 371, Conspiracy to File False Income Tax Returns. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Moody and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Ms. Moody agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Moody's actions and involvement in the conspiracy. It is anticipated that during the Rule 11 plea hearing, Ms. Moody will adopt and sign the Statement of the Offense as a written proffer of evidence.

2. **Potential penalties, assessments, and restitution**: Ms. Moody understands that the maximum sentence that can be imposed is five years imprisonment, a fine of $250,000.00 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a 3-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Ms. Moody understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2002 ed.) (hereinafter "Sentencing Guidelines"). Ms. Moody understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Ms. Moody further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to her, she cannot withdraw her guilty plea. This does not, however, limit Ms. Moody's right to appeal an unlawful sentence.

3. **Federal Sentencing Guidelines:** Based on the facts currently known to the government, the parties agree to the following calculation of the applicable, advisory Sentencing Guideline factors in this case:

| Guideline Number | Description | Level |
|---|---|---|
| 2T1.4(a)(1) & 2T4.1(E) Tax Table | Conspiracy to file fraudulent or false income tax returns. With an agreed upon tax loss of less than $80,000.00, that is $74,882. | 14 (base) |
| 2T1.4(b)(1)(b) | Defendant was in the business of preparing tax returns | 2 |
| 3E1.1(a) | Acceptance of Responsibility | -2 |
| 3E1.1(b)(1) & (2) | Timely disclosure of involvement in offense and of intent to enter guilty plea | -1 |
| | Adjusted Offense Level | 13 |
| | TOTAL | 13 |

Your client and this Office agree that the Court will not be bound by this calculation and that the sentence imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the Unites States Sentencing Commission, Guidelines Manual (2002 ed.), as well as a consideration of the applicable offense level, above, in determining what would be a reasonable sentence int his case. Furthermore, both parties reserve the right to allocute for departures from the guideline range. In the event that this plea offer is either not accepted or is accepted and subsequently withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements:** Ms. Moody agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013. Ms. Moody also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Cooperation**: Ms. Moody agrees to cooperate completely, candidly, and truthfully in the investigation by this Office, the Internal Revenue Service, and the District of Columbia Office of Tax and Revenue. Specifically, Ms. Moody agrees:

a. to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects or other requested materials of any kind or description that she has which relate directly or indirectly to the subject of this investigation;

b. to answer completely, truthfully, and candidly all questions put to her by attorneys and law enforcement officials during the course of this investigation;

c. to make herself available for interviews by attorneys and by law enforcement officers of the government upon request and reasonable notice;

d. not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

e. not to disclose the fact of or details regarding her cooperation with law enforcement to any person or entity;

f. to comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that she shall provide;

g. to answer, at trial, before the grand jury, or at any hearing arising out of this investigation, all questions put to her by the Court or by the attorney for any party completely, truthfully, and candidly;

6. **Waiver of Venue**: Ms. Moody agrees that in exchange for the concessions herein, she knowingly, intelligently, and voluntarily waives venue for this charge in the District of Maryland. Ms. Moody agrees to proceed in the District of Columbia on the sole count of the Criminal Information filed as part of this plea agreement.

7. **Government Concessions**: In exchange for her guilty plea, the government agrees not to oppose a sentence at the bottom of the applicable sentencing range, agrees not to oppose Ms. Moody's release pending sentencing, agrees not to oppose 3-level adjustment for acceptance of responsibility and for timely notification of intent to plead guilty pursuant to U.S.S.G. § 3E1.1(a) & (b), and agrees not to oppose Ms. Moody voluntary surrender to commence serving any sentence which is imposed, provided that Ms. Moody continues to show her acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal

charges against Ms. Moody in the United States District Court in the District of Columbia or in the Superior Court of the District of Columbia for the offenses outlined in the Statement of Offense. This agreement not to prosecute Ms. Moody does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Moody.

8. **Departure Committee:** At the time of Ms. Moody sentencing, the United States will advise the sentencing judge and the probation office of the full nature, extent, and value of the cooperation provided by Ms. Moody to the United States. In addition, before sentencing, the United States will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent and value of the cooperation provided by Ms. Moody to the United States. If the Departure Committee determines that Ms. Moody has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file a motion pursuant to § 5K1.1 of the sentencing guidelines. Ms. Moody understands that the determination of whether she has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia. Ms. Moody further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for her to move to withdraw her plea of guilty in this case.

9. **Court is not bound:** Ms. Moody understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding her bond status or detention will be made by the Court at the time of her plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

10. **Reservation of Allocution:** The United States reserves allocution, including, among other things, the right: to inform the presentence report writer of any relevant facts; to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Ms. Moody's criminal activities, subject to the provisions of the following paragraph.

11. The United States and Ms. Moody hereby agree that since Ms. Moody has agreed to cooperate with the United States, information provided by Ms. Moody shall not be held against her, except as follows (see U.S.S.G. § 1B1.8):

a. information that was known to the United States prior to the date this plea agreement was agreed to by Ms. Moody;

b. in a prosecution for perjury or giving a false statement pursuant to this agreement and statements made by Ms. Moody as part of her cooperation may be used directly and indirectly against her; and

4

Case 1:06-cr-00070-RJL   Document 15   Filed 09/19/2007   Page 7 of 13

c. if there is a breach of this agreement by Ms. Moody, as determined under the provisions of this agreement. In the event of such a breach, the United States retains the right to use any information provided by Ms. Moody to impeach her at any subsequent proceeding.

12. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

13. **Breach of Agreement:** If Ms. Moody fails to make a complete, truthful, and candid disclosure of information to federal law enforcement officers, government attorneys, and grand juries conducting this investigation, or to the Court, and/or if she commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. If during this investigation or prosecution Ms. Moody should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the United States may prosecute her for these offenses to the fullest extent provided by law. In the event of a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Moody release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Moody will not have the right to withdraw the guilty plea; (c) Ms. Moody shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Ms. Moody, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this cooperation agreement. Ms. Moody waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements she has made.

14. In the event of a dispute as to whether Ms. Moody has knowingly given materially false, incomplete or misleading information in fulfilling the terms of her cooperation agreement or whether Ms. Moody has knowingly committed any other material breach of this agreement, and if the United States wants to exercise its rights under this agreement, and if Ms. Moody so requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding at which Ms. Moody's disclosures and documents shall be admissible and at which time the United States shall have the burden to establish the same by a preponderance of the evidence.

15. **Presence of Counsel:** At all briefing and interviewing sessions conducted by investigators and/or attorneys for the government, Ms. Moody shall be entitled to the presence, advice, and assistance of counsel, unless waived.

16. **USAO's Criminal Division and DOJ Tax Division Bound:** Ms. Moody understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia and the Tax Division of the U.S. Department of Justice. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Moody.

17. **Waiver of Appeal:** Ms. Moody is aware that federal law, specifically 18 U.S.C. § 3742, affords her the right to appeal her sentence. The defendant is aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on her and is not binding on the Judge. Knowing that, Ms. Moody waives the right to appeal her sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences Ms. Moody to a period of imprisonment longer than the statutory maximum or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §§ 5K2. Further, defendant reserves her right to make a collateral attack upon her sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to her. In agreeing to this waiver, Ms. Moody is aware that her sentence has not yet been determined by the Judge. Realizing the uncertainty in estimating what sentence the Judge will ultimately impose, Ms. Moody knowingly and willingly waives her right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the USAO in this agreement. See In re Sealed Case, 283 F.3d 349, 355 (D.C. Cir.), petition for cert. filed (Jun. 27, 2002) (No. 02-5044).]

18. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Moody, Ms. Moody's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Moody may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Moody and her counsel.

Sincerely yours,

*Jeffrey A Taylor /HS*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: *Sherri L. Schornstein*
SHERRI L. SCHORNSTEIN
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney, Robert C. Bonsib, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 9/19/07

*Draphet Moody*
Draphet D. Moody
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 9/19/07

Robert C. Bonsib, Esquire
Attorney for the Defendant

7