UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| vs. | * Case No. 06-70 (RJL) |
| DRAPHET D. MOODY | * |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCE

The Defendant, by and through her attorney, Robert C. Bonsib, respectfully submits the following memorandum in aide of sentencing and as reasons, therefore, states as follows:

### I. INTRODUCTION

On June 16, 2006, the Ms. Moody entered a guilty plea in the above-captioned matter to a single count information charging her with conspiracy to file false income tax returns in violation of 18 U.S.C. § 371. Sentencing in this matter is presently set for October 11, 2007.

Since the time of the entry of her guilty plea, Ms. Moody has been on release and has incurred no further difficulties with the law.

### II.   PRESENTENCE REPORT OBJECTIONS/COMMENTS

Ms. Moody agrees with the proposed U.S. Sentencing Guidelines calculations as submitted in the Amended Presentence Report. Ms. Moody agrees that the base offense level is 14, and that two levels should be added pursuant to 2T1.4 (b)(1)(b) because Ms. Moody was in the business of preparing tax returns, bringing her to offense level 16. Ms. Moody further agrees that she should be granted reduction of three levels in total for acceptance of responsibility and timely disclosure of her

involvement in the offense and because of her intent to enter a guilty plea. That brings the adjusted offense level to 13.

Pursuant to U.S.S.G. § 5K1.1, the government has recommended an additional two level downward departure as a result of Ms. Moody's cooperation.

The final adjusted Offense Level places Ms. Moody at Offense Level 11 in Zone C, with a Criminal History Category of I. Prior to any other Guidelines departures or adjustments and prior to any consideration the factors under 18 U.S.C. § 3553, Ms. Moody's sentencing range would be 8-14 months. At that range, the Sentencing Guidelines would provide for a period of incarceration up to 14 months or, the Court would have the position of imposing a split sentence, requiring that Ms. Moody spend 4 months in imprisonment and 4 months in the alternative confinement settings such as house arrest.

Ms. Moody respectfully submits that, based upon her immediate willingness to cooperate with the government, the nature and extent of her cooperation, the fact that her cooperation has assisted in resolving other cases in this matter, and that Ms. Moody stands willing to continue to cooperate with the government, together with the lengthy period of time that has elapsed since the commission of this offense and her otherwise exemplary life, that Ms. Moody should receive a sentence of probation in this matter.

### III. OTHER SENTENCING GUIDELINES FACTORS AND CONSIDERATIONS PURSUANT TO 18 U.S.C. § 3553(a)

The offense conduct in this matter occurred, according to the government's statement of facts, from approximately January 2001 until April 15, 2002. For that period of time, Ms. Moody under the direction of others, was a manager for the Triad

Office in Baltimore, Maryland. She assisted in the preparation of false tax returns and during that period of time, as she has acknowledged, participated in unlawful conduct that constitutes a violation of the Federal Tax Laws.

Since the termination of her relationship with Triad and the individuals associated with Triad, however, Ms. Moody has engaged in a meaningful and productive life. She is employed and has incurred no further difficulties with the law, and as noted herein, has made herself available from the very beginning of this case to fully cooperate with the government and assist them in bringing this matter to a prompt and complete resolution.

While Ms. Moody's conduct was not singular in nature and covered a period of time, it was nevertheless aberrant conduct when considered in the context of her life both before and after her involvement with Triad.

It is also significant to know that the conduct at issue here is alleged to have stopped a number of years ago. Since that time, Ms. Moody has engaged in no further, unlawful conduct and has done everything that she can in order to properly comport herself with the requirements of the law and otherwise live a meaningful and productive life.

U.S.S.G. § 5K2.20 provides that the Court can depart pursuant to this provision if the defendant committed a single criminal occurrence or a single criminal transaction that was committed without significant planning, was limited in duration and represented some marked deviation by the defendant from an otherwise law-abiding life. Even though the court may conclude that Ms. Moody's conduct does not strictly fit within the requirements of this section of the Guidelines, her conduct does

3

qualify for consideration under 18 U.S.C. § 3553(a). Considering that the limited time frame within which she was involved in this offense, the fact that during this time her conduct marked an extreme departure from her otherwise law-abiding life, and the successful and complete steps she has taking to disassociate herself both from the individuals who were involved in this incident as well as to make a productive use of her time since 2002, Ms. Moody clearly qualifies both in terms of her personal characteristics and in terms of her conduct since the commission of this offense for consideration under 18 U.S.C. § 3553(a).

This Court, after calculating the Guidelines in this matter, must also consider the weight to give to various factors that the Court is directed to consider, pursuant to 18 U.S.C. 3553(a) and then blend and combine consideration of the Guidelines and the 3553(a) factors to reach a "reasonable" sentence in this matter. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).

As the Guidelines in this matter are advisory only and as there are significant personal and offense characteristics that mitigate on Ms. Moody's behalf, the Defendant respectfully submits that blending together the Guidelines factors and the factors under 18 U.S.C. § 3553(a) justifies a sentence at the Offense Level of 8 or below the sentencing table. That would place Ms. Moody in a probation range.

In addition to the aforementioned factors, because Ms. Moody is not a United States citizen, it is almost inevitable that she would be deported. The Court can consider the deportation consequences of the conviction in this matter both under the United States Sentencing Guidelines, *see United States v. Smith*, 27 F.3d 649, 650 (D.C. Cir. 1994), and as an additional factor under 18 U.S.C. § 3553(a).

As the presentence report notes Ms. Moody is currently enrolled at the University of Maryland University College pursuing a master's degree in marketing. She is employed as a staff accountant and earning $52,000.00 a year with HMS Host in Bethesda, Maryland where she has worked since May 2006.

At the time that she became involved with Triad she was only 24 years of age. Prior to that she had worked at the financial aide office in Coppin State University and had held other miscellaneous forms of employment.

### IV.   SUMMARY AND CONCLUSION

For each and all of the foregoing reasons, it is respectfully submitted that a reasonable sentence in this case, considering all factors set forth in the Federal Sentencing Guidelines as well as all appropriate factors under 18 U.S.C. § 3553(a) strongly supports a sentence of probation in this matter. Ms. Moody respectfully requests that this Honorable Court impose probation as the appropriate sentence in this matter.

WHEREFORE, it is respectfully requested that this Honorable Court grant the requested continuance.

Respectfully submitted,

MARCUS & BONSIB

ROBERT C. BONSIB
6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
(301) 441-3000
Bar No. 423-306

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing <u>Defendant's Memorandum in Aid of Sentence</u> was mailed, postage prepaid, this 4 day of October, 2006 to: Assistant United States Attorney Sherri Schornstein, Office of the United States Attorney, 555 4th Street, N.W., Washington, D.C. 20530.

ROBERT C. BONSIB